UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:

JUDY HONEY KUFERT,

    Plaintiff,
v.

ROYAL CARIBBEAN INTERNATIONAL,
a Liberian Corporation, doing business as
ROYAL CARIBBEAN CRUISES,

    Defendant(s).
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

The Plaintiff, JUDY HONEY KUFERT, by and through undersigned counsel, hereby sues the Defendant, ROYAL CARIBBEAN INTERNATIONAL, a Liberian Corporation, doing business as ROYAL CARIBBEAN CRUISES (hereinafter "ROYAL CARIBBEAN," or "RCL") and alleges as follows:

**PRELIMINARY ALLEGATIONS**

1. The Plaintiff, JUDY HONEY KUFERT, is sui juris and is a citizen and resident of Mecklenburg county, North Carolina.

2. Defendant, RCL, is a company incorporated in Liberia, but does business in the State of Florida and has its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs seventy-five thousand dollars ($75,000.00).

4. Further, this matter is being filed in the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida, as required by the forum-selection

Your Advocate to Chase Justice

clause contained within the Passenger Ticket Contract issued by the Defendant, as this action arises under the admiralty or maritime jurisdiction pursuant to 28. U.S.C. § 1333. Upon information and belief, Defendant is in possession of a copy of the subject Ticket Contract.

5. The Defendant, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county and had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statute §§ 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part on this county and/or state, and/or;

   f. Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Mariner of the Seas*.

6. Defendant is subject to the jurisdiction of the courts of this state.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

8. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTS COMMON TO ALL COUNTS

9. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Mariner of the Seas*.

Your Advocate to Chase Justice

10. At all times material hereto, Defendant had exclusive custody and control of the vessel, the *Mariner of the Seas*.

11. The *Mariner of the Seas* is a cruise ship which Defendant custom built to specifications and designs which were made by or under its supervision. The *Mariner of the Seas* launched on February 28, 2003.

12. Since 2003 Defendant has participated in and/or supervised and approved all subsequent renovations to the *Mariner of the Seas*.

13. Defendant uses – and has for many years – a synthetic decking surface in and around Deck 11 and on its pool decks which Defendant knows or should know becomes dangerously slippery when wet. Defendant is aware through prior slip and fall incidents and the experience of its crew who work on the pool decks and in its restaurants that the areas around the pools and restaurants are high pedestrian traffic, and become frequently, if not repetitively wet with water during voyages.

14. On or about December 6, 2019, Plaintiff was a paying passenger aboard the *Mariner of the Seas*, which was in navigable waters.

15. On or about December 6, 2019, Plaintiff, while aboard the *Mariner of the Seas*, was severely injured when she slipped and fell on the port side walkway of Deck 11 while walking to the Windjammer Cafe.

16. Plaintiff did not expect, nor could she expect as a reasonable ordinary passenger that the decking surface would be so dangerously slippery when wet.

17. Defendant's negligence caused Plaintiff to unexpectedly slip and fall on water on the port side walkway of the pool deck (Deck 11) and suffer serious injuries to her left arm and side.

Your Advocate to Chase Justice

18. Plaintiff reported the incident multiple times to guest services and assisted crew in filling out an incident report.

## COUNT I - NEGLIGENCE

19. The Plaintiff hereby adopts and realleges each and every allegation in Paragraphs one (1) though eighteen (18) above.

20. RCL owed a duty to its passengers, including Plaintiff JUDY HONEY KUFERT, to use reasonable care under the circumstances, to provide and otherwise maintain safe floors, passageways, and decks throughout its vessels, including the port side walkway of Deck 11.

21. On or about December 6, 2019, Defendant RCL and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

22. Plaintiff was injured due to the fault and/or negligence of RCL and/or its agents, servants, and/or employees as follows:

   a. Failure to maintain the subject area in a clean and dry condition; and/or

   b. Failure to adequately and regularly inspect the subject area for wet, slippery conditions; and/or

   c. Failure to adequately and regularly monitor the subject area for wet, slippery conditions; and/or

   d. Failure to adequately and regularly clean the subject area; and/or

   e. Failure to close off and/or place warning signs on or around the wet and slippery areas of the subject deck; and/or

   f. Failure to warn Plaintiff of the wet and slippery condition of the subject area; and/or

   g. Failure to warn Plaintiff of the risks and/or dangers associated with the wet and slippery condition of the subject area; and/or

Your Advocate to Chase Justice

h. Failure to warn passengers and Plaintiff of other slip and fall accidents previously occurring in the same area and/or on the same type of flooring surface; and/or

i. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned, and maintained free of wet and slippery conditions; and/or

j. Failure to promulgate and/or enforce adequate policies and procedures to ensure that warnings are placed on or around wet and/or slippery areas and/or that such wet and/or slippery areas are closed off; and/or

k. Failure to analyze prior slip-and-fall accidents aboard Defendant's vessels occurring in the same area and/or concerning the same type of flooring surface so as to remedy such hazardous conditions; and/or

l. Failure to correct hazardous conditions following other slip and fall accidents in the same area and/or type of flooring surface and the same ship and/or same class of ships; and/or

m. Failure to utilize a reasonably safe flooring surface in light of the anticipated traffic and anticipated purpose of the area; and/or

n. Failure to retrofit the flooring surface in light of the anticipated traffic and anticipated purpose of the area; and/or

o. Failure to test and/or adequately evaluate flooring surface in light of the anticipated traffic and anticipated purpose of the area; and/or

p. Failure to have a non-slip or non-skid flooring surface on the subject area; and/or

q. Failure to place rubber mats or apply a non-slip or non-skid substance for the flooring surface on the subject area;

Your Advocate to Chase Justice

All or some of which caused and/or contributed to Plaintiff slipping and falling and suffering his serious personal injuries while on the Lido deck.

23. Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

24. Defendant had constructive knowledge of the dangerous condition by, *inter alia*, (a) the length of time the dangerous condition existed; (B) the nature of the dangerous condition, including that the condition existed in and around the port side walkway of Deck 11 and was observed by Defendant's crewmembers; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with sine regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care Defendant should have known it.

25. The Defendant's negligence proximately caused the aforementioned injuries and damages to the Plaintiff in the past and future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and future; lost income in the past and lost income and income earning capacity in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and the loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered the losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff, JUDY HONEY KUFERT, demands judgment for all damages recoverable under general maritime law and state law including but not limited to

economic damages in the past and future, non-economic damages in the past and future; all court costs, all interest due under applicable law including interest from the date of the subject incident under General Maritime Law, and any other damages which the Court deems just and proper, and demands a trial by jury on all issues so triable.

Dated: December 7, 2020
Coral Gables, Florida

    Respectfully Submitted,

            **LAW OFFICES OF BRANDON L. CHASE, P.A.**
            2800 Ponce de Leon Blvd., Suite 1100
            Coral Gables, Florida 33134
            Telephone:   (305) 677-2228
            Facsimile:    (305) 677-3232

            By:        _____/s/ Brandon L. Chase_____
                          Brandon L. Chase, Esq., Florida Bar No. 90961
                          E-mail:       brandon@chasejustice.com
                                         eservice@chasejustice.com
                                       stephan@chasejustice.com

Your Advocate to Chase Justice